COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Willis and Bumgardner
Argued at Salem, Virginia


DENNIS JAMES HARTLESS
                                              OPINION BY
v.          Record No. 0433-98-3    JUDGE JERE M. H. WILLIS, JR.
                                          FEBRUARY 23, 1999
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
                    Richard S. Miller, Judge

          Elizabeth P. Murtagh, Assistant Public
          Defender, for appellant.

          H. Elizabeth Shaffer, Assistant Attorney
          General (Mark L. Earley, Attorney General, on
          brief), for appellee.


     On appeal from his conviction of indecent exposure, in

violation of Code § 18.2-387, Dennis James Hartless contends that

the trial court abused its discretion in sentencing him to an

indefinite term of probation.  He argues further that his

sentence violated his Eighth Amendment right against cruel and

unusual punishment.  We modify Hartless's term of probation to be

coterminous with his term of suspension of sentence.  We affirm

the judgment of the trial court thus modified.

     Hartless pled guilty to indecent exposure, in violation of

Code § 18.2-387.  The trial court sentenced him to serve twelve

months in jail, with two months suspended upon the following

conditions:

          Good behavior.  The defendant shall be of
          good behavior for 1 year from the defendant's
          release from confinement.
          Supervised probation.  The defendant is
          placed on intensive probation to commence on

release from incarceration, under the supervision of a Probation Officer for an indefinite period of time, to be reviewed yearly. The defendant shall comply with all the rules and requirements set by the Probation Officer. The Court doth order that the defendant seek and obtain treatment through the sex group program that was recommended by Dr. Sloop.

This case is governed by two statutes. Code § 19.2-303 provides, in pertinent part:

After conviction, . . . the court may suspend . . . the sentence in whole or part and in addition may place the accused on probation under such conditions as the court shall determine . . . .

Code § 19.2-306 provides, in pertinent part:

The court may, for any cause deemed by it sufficient which occurred at any time within the probation period, or if none, within the period of suspension fixed by the court, or if neither, within the maximum period for which the defendant might originally have been sentenced to be imprisoned, revoke the suspension of sentence and any probation . . . .

Code § 19.2-303 grants a trial court the authority to fix reasonable terms and conditions for the suspension of execution of a sentence, including the imposition of probation. See Nuckoles v. Commonwealth, 12 Va. App. 1083, 1085-86, 407 S.E.2d 355, 356 (1991). "The only limitation placed upon the discretion of the trial court in its determination of what conditions are to be imposed is that a condition be 'reasonable.'" Dyke v. Commonwealth, 193 Va. 478, 484, 69 S.E.2d 483, 486 (1952).

A court's ability to revoke the suspension of a sentence and to impose that sentence permits it to enforce a probationary

requirement as a condition of suspension.  To be effective, probation must be concurrent with a coordinate term of suspension of sentence.

Code § 19.2-306 governs the ability of a court to revoke the suspension of a sentence.  In the absence of a specified period of probation or a specified period of suspension, a trial court may revoke a suspension of sentence for a probation violation only when the violation occurs within the maximum period for which the defendant might originally have been sentenced to be imprisoned.

Hartless contends that the trial court abused its discretion in sentencing him to an indefinite period of probation.  We agree.  The nature of the crime and Hartless's history of similar offenses support a decision to impose extended probation upon him as a condition of the suspension of his sentence.  However, the trial court specified no period of probation.  The good behavior requirement sufficiently defined a period of suspension continuing for one year from Hartless's release from confinement.  Because probation depends for enforceability upon the existence of a term of sentence suspension, the duration of Hartless's probation cannot extend beyond one year from Hartless's release from confinement, the specified period of suspension.

Hartless further contends that the indefinite term of probation is an unreasonable restraint on his liberty and constitutes cruel and unusual punishment, violating the Eighth Amendment.  Hartless is barred from raising this issue on appeal

because he did not raise it at trial. Rule 5A:18. <u>See also</u> <u>Jacques v. Commonwealth</u>, 12 Va. App. 591, 593, 405 S.E.2d 630, 631 (1991); <u>Cottrell v. Commonwealth</u>, 12 Va. App. 570, 574, 405 S.E.2d 438, 441 (1991).

We modify Hartless's term of probation such that it shall continue for a term ending one year following his release from confinement. With that modification, the judgment of the trial court is affirmed.

<u>Modified and affirmed</u>.