COURT OF APPEALS OF VIRGINIA

Present:   Judges Annunziata, Clements and Kelsey
Argued at Salem, Virginia


FRANK JASON GROOMS

                                          MEMORANDUM OPINION[*] BY
v.        Record No. 1439-02-3            JUDGE JEAN HARRISON CLEMENTS
                                          NOVEMBER 12, 2003
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF PITTSYLVANIA COUNTY
                         Charles J. Strauss, Judge

         J. Patterson Rogers, 3rd, for appellant.

         Eugene Murphy, Assistant Attorney General (Jerry W. Kilgore,
         Attorney General, on brief), for appellee.


         Frank Jason Grooms was convicted in a bench trial of contempt of court for violating a court

order and probation.  On February 10, 2003, this Court granted Grooms an appeal on the following

questions:  (1) whether the evidence was sufficient to establish that Grooms had violated the terms

of the order placing him on probation and (2) whether the trial court abused its discretion by

sentencing Grooms to a term of confinement of forty-five days.  Oral argument was heard on

September 16, 2003.  On September 25, 2003, this Court ordered further briefing on the additional

question of whether the trial court, in an order revoking and imposing Grooms's previously

suspended sentence, had jurisdiction to place Grooms on probation upon his release from

incarceration after serving the entire sentence.  In its response, the Commonwealth consents that

Grooms's conviction for contempt should be reversed.  We agree and thus vacate and dismiss the

conviction.

_____

         * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

As the parties are fully conversant with the record in this case, and because this memorandum opinion carries no precedential value, this opinion recites only those facts and incidents of the proceedings as are necessary to the parties' understanding of the disposition of this appeal.

## I. BACKGROUND

The essential facts in this appeal are not in dispute. Grooms was convicted of grand larceny and sentenced on October 17, 1997, to a term of two years' imprisonment. The entire sentence was suspended on the condition that he be placed on supervised probation for three years. On July 29, 1999, the trial court found Grooms had violated the terms of his suspended sentence and probation and revoked his suspended sentence. The trial court then re-suspended Grooms's sentence on the condition that he complete the Diversion Center Incarceration Program and, upon his release, continue supervised probation in accordance with the trial court's order entered on October 21, 1997.

On November 29, 1999, having found that Grooms had again violated the terms of his suspended sentence and probation, the trial court revoked his suspended sentence and re-imposed the remaining unserved portion of the two-year sentence on his grand larceny conviction. The court also ordered that, upon his release from incarceration, Grooms be placed on supervised probation for two years and be of good behavior for five years. The trial court directed that, while on probation, Grooms was to comply with the court's standard rules of probation and several enumerated special conditions.

On January 28, 2002, having served the full remaining portion of his sentence, Grooms was released from confinement and placed on supervised probation. On February 7, 2002, Grooms tested positive for marijuana. On April 8, 2002, he again tested positive for marijuana and admitted to his probation officer that he had previously smoked marijuana. On May 31, 2002, following a

hearing on a rule to show cause, Grooms was found in contempt of court by violating his probation and the court's order of November 29, 1999, and sentenced to serve forty-five days in jail.

This appeal followed.

## II. ANALYSIS

Code § 19.2-303 authorizes a trial court to "suspend imposition of sentence or suspend the sentence in whole or in part and in addition place the accused on probation under such conditions as the court shall determine." Thereafter, "the court may revoke the suspension of sentence for any cause" deemed sufficient that occurs "within the probation period or within the period of suspension fixed by the court." Code § 19.2-306(A). We have noted that, "[t]o be effective, probation must be concurrent with a coordinate term of suspension of sentence." Hartless v. Commonwealth, 29 Va. App. 172, 175, 510 S.E.2d 738, 739 (1999). In Hartless, we said that, "because probation depends for enforceability upon the existence of a term of sentence suspension, the duration of Hartless's probation cannot extend beyond . . . the specified period of suspension." Id. at 175, 510 S.E.2d at 740.

Therefore, when, in this case, the trial court revoked the suspension of the execution of Grooms's original sentence on November 29, 1999, and imposed the entirety of the remainder of the unserved portion of that sentence, the court exhausted "the sentencing authority invested in it by Code § 19.2-306" and lost its jurisdiction to impose any additional terms, conditions, or supervision upon the accused. Smith v. Commonwealth, 222 Va. 700, 703, 284 S.E.2d 590, 591 (1981) (per curiam). Because the trial court was without jurisdiction to order Grooms be placed on probation upon his release from incarceration after serving his sentence in full, Grooms's subsequent contempt conviction for violating that order was error. See Robertson v. Commonwealth, 181 Va. 520, 536, 25 S.E.2d 352, 358 (1943) ("Disobedience of, or resistance to a void order, judgment, or decree is not contempt.").

Accordingly, the judgment of the trial court is reversed and Grooms's conviction is vacated and dismissed.

Reversed, vacated and dismissed.