COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, Felton and Kelsey
Argued at Richmond, Virginia


JOE EARL HARRISON

                                                    MEMORANDUM OPINION* BY
v.        Record No. 0556-04-2                      JUDGE WALTER S. FELTON, JR.
                                                          MARCH 22, 2005
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF DINWIDDIE COUNTY
                          Thomas V. Warren, Judge

        Linda M. H. Tomlin (Fitzgerald, Tomlin & McKeen, PLLC, on
        brief), for appellant.

        Stephen R. McCullough, Assistant Attorney General (Jerry W.
        Kilgore, Attorney General, on brief), for appellee.


        On March 1, 2004, the trial court found Joe Earl Harrison (appellant) guilty of violating

the terms of his probation of his 1989 suspended sentence.[1]  It then revoked twelve months of his

1989 suspended sentence, and re-suspended the remaining unserved portion of that sentence.  On

appeal, appellant contends that since the trial court did not impose a condition of indefinite

supervised probation at the time it entered the 1989 order, it lacked authority to modify that

sentencing order by adding that condition in January 2002[2] as a condition for continuing to

suspend the unserved portion of the 1989 sentence.  He argues that the 1989 sentencing order

_____

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] The record reflects that appellant was convicted on November 6, 1989 of the offense
that occurred on May 12, 1989.  The trial court signed the sentencing order January 8, 1990.
Throughout the record and in all of the subsequent orders, this sentencing order is referred to as
the 1989 order.  For clarity, we refer to the original sentencing order as the 1989 order.

[2] The probation violation hearing was held in October 2001, but the final order was not
entered until January 2002.

was not modifiable 21 days after its entry under Rule 1:1, or the exceptions to Rule 1:1 in Code § 19.2-303.[3] *Ipso facto*, he contends that the trial court lacked authority in March 2004 to find him guilty of violation of any condition of supervised probation first imposed in its January 2002 order. For the following reasons, we affirm the judgment of the trial court.

BACKGROUND

The relevant facts and procedural posture in this case are not in dispute. On December 29, 1989 (the 1989 order), the trial court sentenced appellant to forty years imprisonment for distributing cocaine in violation of Code § 18.2-248. Of the forty-year sentence imposed, the trial court suspended "thirty (30) years upon the condition that the defendant keep the peace and be of good behavior for a period of twenty-five years following his release from incarceration."

In April 2001, subsequent to his release from incarceration from the 1989 sentence, appellant pled guilty to felony driving after having been adjudicated an habitual offender and to two misdemeanor counts of unauthorized use of a vehicle. For these new convictions, the trial court sentenced appellant to five years imprisonment, with all five years suspended for ten years, conditioned on his good behavior, his being placed on indefinite supervised probation, his eligibility for twelve months work release, and his payment of a $200 fine and court costs. The trial court further advised appellant that he was in violation of the conditions of his 1989 suspended sentence and requested that a show cause be issued for that violation.

---

[3] Code § 19.2-303 provides authority for the trial court to suspend the unserved portion of an imposed sentence to jail, or for a felony sentence to the Department of Corrections if the prisoner has not been transferred to the Department, more than 21 days after the entry of the sentencing order.

Rule 1:1 of the Rules of the Supreme Court of Virginia provides that a court can modify a final judgment only within 21 days of its entry and not thereafter.

In October 2001, as a result of the new convictions, the trial court found appellant guilty of "VIOLATION OF HIS PROBATION CASE # F89-110 OFFENSE DATE: MAY 12, 1989."[4] In its revocation order entered January 17, 2002, the trial court sentenced "the defendant to incarceration with the Department of Corrections for a term of Two (2) Years." The order continued:

> It is further Ordered that the defendant is placed on supervised probation to commence on his release from incarceration, under the supervisors [sic] of Probation Officer for an indefinite period of time or unless sooner released by the court or by the Probation Officer. The defendant shall comply with all the rules and requirements set by the Probation Officer.

Appellant did not appeal, or otherwise challenge, the January 17, 2002 revocation order. It is this sentencing order, placing appellant on indefinite supervised probation following his serving the two-year sentence for violating the conditions of the 1989 suspended sentence, that appellant contends is the invalid modification of the 1989 sentencing order.

---

[4] The use of the term "probation violation" at first glance may seem confusing in that the trial court did not use the term "probation" in its 1989 sentencing order. The trial court, at the 2001 revocation hearing and in its January 2002 order, appears to equate "probation" with "good behavior" as distinguished from "supervised probation." See Dyke v. Commonwealth, 193 Va. 478, 484, 69 S.E.2d 483, 486 (1952) (terms and conditions, such as good behavior, "are probation only in the sense that they require the defendant to observe a specified course of conduct; but they are not the supervised probation referred to in the statute").

Black's Law Dictionary defines "probation" as "[a] court-imposed criminal sentence that, subject to stated conditions, releases a convicted person into the community instead of sending the criminal to jail or prison." Black's Law Dictionary 1240 (8th ed. 1999). Black's further defines "bench probation" as "Probation in which the offender agrees to certain conditions or restrictions and reports only to the sentencing judge rather than a probation officer." Id.

The Virginia Supreme Court recently had occasion in Collins v. Commonwealth, 269 Va. 141, 607 S.E.2d 719 (2005), to distinguish between suspension of sentence and probation. It noted that "[t]he concepts are distinct but overlapping, in the sense that a sentence of confinement may be suspended without admitting the defendant to probation while a prerequisite to probation is that any sentence of confinement be first suspended." Id. at 145, 607 S.E.2d at 721 (discussing Code § 19.2-306). The Court "observed that the condition of good behavior is implicit in every order suspending sentence, is a condition of every such suspension, whether probation is provided for or not . . . ." Id. at 146, 607 S.E.2d at 721 (citing Marshall v. Commonwealth, 202 Va. 217, 219-21, 116 S.E.2d 270, 273-74 (1960)).

- 3 -

Appellant was released from the Department of Corrections in March 2003. In September 2003, appellant's probation officer advised the trial court that appellant's adjustment to probation had been unsatisfactory. Appellant was charged with abduction and kidnapping, stalking, and destruction of property[5] and with violating specific conditions of his supervised probation, including failure to report the new charges, failure to report to the probation office as directed, and change of residence without the permission of the probation officer.

Following a hearing on February 23, 2004, the trial court again found defendant guilty of "VIOLATION OF PROBATION CASE # F89-110 OFFENSE DATE: MAY 12, 1989." It then imposed a sentence of twelve months in jail from the 1989 suspended sentence. At the revocation hearing, appellant pled not guilty to violating his probation. He argued that because the trial court lacked authority to place him on supervised probation in its January 2002 order, he could not be found guilty of violating that condition of his 1989 suspended sentence. The Commonwealth acknowledged that appellant was not placed on supervised probation until entry of the January 2002 order revoking a portion of the 1989 suspended sentence.

During the 2004 probation violation proceedings that are the subject of this appeal, appellant acknowledged that his conduct violated the terms of his supervised probation, "regardless of whether or not it was the one dealing with the October 2001 [January 2002 revocation order] or the April 2001 judgment of the trial court." Nor did he challenge that at the time the trial court entered the January 2002 revocation order, he was already on indefinite supervised probation as a condition of the five-year suspended sentence for the April 2001 convictions. He simply argued that because he was not lawfully placed on supervised probation in January 2002, any violation of supervised

---

[5] These charges were subsequently *nolle prossed*. He was, however, found guilty of contempt for failing to appear.

probation would have to be based on the suspended sentence for the April 2001 convictions.  The

trial court noted that:

> The situation here is . . . he was sentenced in '89 to a term of years
> suspended to 25 years.  Not until 2001 when he violated the law by
> those earlier convictions was he put on supervised probation.  And
> the Court certainly has inherent power to put a person on
> supervised probation that earlier was not supervised and the
> supervised probation was a lawful order of the Court . . . .

On March 1, 2004, the trial court found appellant guilty of violating his probation, revoked

twelve months of appellant's 1989 suspended sentence and ordered him to remain on supervised

probation following his release from incarceration.  Appellant appealed the judgment of the trial

court.

## ANALYSIS

Appellant acknowledges that the provisions of Code § 19.2-306, in effect in 1989 and

January 2002, authorized the trial court to revoke the entire unserved portion of the 1989 suspended

sentence for "good cause shown," but contends it could not add supervised probation as a condition

of continuing to suspend the remaining unserved portion of the 1989 sentence.[6]  He argues that it

was not until the 2002 amendments to Code § 19.2-306 that the General Assembly granted the trial

court authority to modify an otherwise final sentencing order to add a condition of probation, when

it revoked a previously suspended sentence.

---

[6] Code § 19.2-306, in effect at the time of the revocation hearing in 2001 [January 2002 order], provided in pertinent part that

> the court may, for any cause deemed by it sufficient which
> occurred at any time within . . . the period of suspension fixed by
> the court,  . . . revoke the suspension of sentence . . . and cause the
> defendant to be arrested and brought before the court at any
> time . . . within one year after the period of suspension fixed by the
> court . . . whereupon . . . the original sentence shall be in full force
> and effect . . . .

Prior to July 1, 2002, Code § 19.2-306 did not explicitly authorize a trial court to impose a condition of supervised probation when it revoked a previously suspended sentence.[7] However, prior to the 2002 amendment to Code § 19.2-306, both the Supreme Court and this Court have consistently noted that Code § 19.2-306 is "highly remedial and should be liberally construed to provide trial courts a valuable tool for rehabilitation of criminals." Grant v. Commonwealth, 223 Va. 680, 684, 292 S.E.2d 348, 350 (1982); see Briggs v. Commonwealth, 21 Va. App. 338, 344, 464 S.E.2d 512, 514 (1995). In Hartless v. Commonwealth, 29 Va. App. 172, 510 S.E.2d 738 (1999), we said "[a] court's ability to revoke the suspension of a sentence and to impose that sentence permits it to enforce a probationary requirement as a condition of suspension."[8] Id. at 175, 510 S.E.2d at 739. Imposing supervised probation as condition of re-suspension, on a finding of violation of the conditions of a previously suspended sentence, is consistent with the legislative goal of assisting in the rehabilitation of those convicted of criminal offenses.

The amendments to Code § 19.2-306 in 2002 simply made explicit that which was implicit before. Both prior to and after the 2002 amendment, revocation of a previously suspended sentence and the imposition of all or part of that suspended sentence was a new sentencing event, restricted only by the limitations that it could not extend the length of the original sentence nor the length of the period of suspension and that any conditions of suspension be reasonable. See Nuckoles v.

---

[7] The 2002 General Assembly amended Code § 19.2-306 to provide, in relevant part, "[i]f the court, after hearing, finds good cause to believe that the defendant has violated the terms of suspension . . . [t]he court may again suspend all or any part of its sentence and may place the defendant upon terms and conditions or probation." Code § 19.2-306(C).

[8] In comparison, we held in Russnak v. Commonwealth, 10 Va. App. 317, 392 S.E.2d 491 (1990), that where there had been no revocation of a suspended sentence, the trial court was without authority to modify a sentencing order, that had become final, by adding a condition of probation. In Lamb v. Commonwealth, 40 Va. App. 52, 577 S.E.2d 530 (2003), we held that the trial court had no authority to add post-release supervision under Code § 19.2-295.2 after revocation of suspended sentence when that supervision was not imposed at the original sentence.

Commonwealth, 12 Va. App. 1083, 1086, 407 S.E.2d 355, 356 (1991); see also Robertson v. Superintendent of the Wise Correctional Unit, 248 Va. 232, 236, 445 S.E.2d 116, 118 (1994) (noting that Code § 19.2-306 does not give a court "authority to lengthen the period of incarceration" once sentence imposed on the underlying charge becomes final).

Here, appellant failed to abide by the terms and conditions of his 1989 suspended sentence, that he "keep the peace and be of good behavior." In 2001, he was convicted of additional criminal offenses, given an additional suspended sentence and placed on supervised probation. As a result of those convictions, he was found to have violated his probation; that is, the terms and conditions of the 1989 suspended sentence. Implicit in the trial court's sentencing authority was its power to impose the entire suspended sentence, and then to re-suspend all or a portion of the reimposed sentence under such terms and conditions it deemed appropriate, including placing the appellant on supervised probation.

We, therefore, conclude that the trial court did not impermissibly modify or extend the 1989 sentencing order in violation of Rule 1:1, or its exceptions in Code § 19.2-303, by placing appellant on supervised probation as a condition of its continuing to suspend the remaining portion of the 1989 sentence. Once the trial court found appellant had violated the terms of his 1989 suspended sentence as a result of his convictions in April 2001, nothing in the text of Code § 19.2-306 prevented it from imposing supervised probation as a condition of revoking only a portion of that sentence. In imposing the condition of supervised probation, it did not impermissibility increase the length of the sentence or the length of time the sentence was suspended. Nor was there any claim by appellant that the terms of the probation were unreasonable or any more restrictive than the supervised probation he received as a condition of the suspended sentences imposed in April 2001. See Nuckoles, 12 Va. App. at 1086, 407 S.E.2d at 356. Moreover, the condition of supervised probation provided appellant with a less harsh

alternative to an increased period of incarceration which would have resulted had the trial court revoked his entire remaining 1989 suspended sentence, then "in full force and effect." <u>See</u> Code § 19.2-306.

In resentencing appellant following its revocation of the 1989 suspended sentence, the trial court had implicit authority to continue to suspend all or a portion of the previously suspended sentence, under such terms and conditions as it deemed appropriate, considering the remedial and rehabilitative purposes inherent in suspending sentences. Placing appellant, a person with an extensive criminal record, on supervised probation following his release from serving the revoked portion of the formerly suspended sentence, was clearly a reasonable condition.

"When a trial court suspends a sentence it 'does not make a contract with the accused, but only extends to him the opportunity which the State affords him to repent and reform.'" <u>Marshall</u>, 202 Va. at 219, 116 S.E.2d at 273 (quoting <u>Richardson v. Commonwealth</u>, 131 Va. 802, 810-11, 109 S.E. 460, 462 (1921)). Here, the trial court imposed the conditions it deemed necessary for continuing to suspend part of appellant's original sentence, putting into place the rehabilitative goal inherent in Virginia's sentencing laws. <u>See</u> <u>Esparza v. Commonwealth</u>, 29 Va. App. 600, 608-09, 513 S.E.2d 885, 889 (1999) (presuming the court "considered this rehabilitative purpose when it revoked appellant's suspended sentence and imposed a portion of the suspended sentence"). It applied the least restrictive condition in light of appellant's lengthy criminal history and clear violation of the terms and conditions of his 1989 suspended sentence.

Moreover, followed to its logical conclusion, appellant's contention that the trial court lacked authority under Code § 19.2-306 to impose supervised probation as a condition of continuing to suspend all or a portion of his lengthy sentence, would limit a trial court, prior to the 2002 amendment, to imposing "*the original sentence . . . in full force and effect,*" depriving the trial court of any discretion to impose only a portion of the previously suspended sentence. Such a narrow

reading of the statute would deny the trial courts the discretion over sentencing the General Assembly intended.  See Grant, 223 Va. at 684, 292 S.E.2d at 350.

We conclude that the trial court had authority in January 2002, at the time it first found appellant to be in violation of the terms of his 1989 suspended sentence, to impose supervised probation, following appellant's release from serving the revoked portion of his prior suspended sentence, as a condition of suspending the remainder of the 1989 sentence.  Accordingly, when appellant was again before the trial court in 2004 charged with violating the conditions of "keeping the peace" and "being of good behavior" of the 1989 suspended sentence and violating the terms of his supervised probation, the trial court did not err in revoking part of the remaining 1989 suspended sentence.  The record before us contains ample evidence that appellant violated both the terms of his supervised probation, imposed in January 2002 and in April 2001, as well as the terms and conditions that he "keep the peace and be of good behavior" imposed at the time of his initial sentencing in 1989.

We hold that in January 2002, the trial court had implicit statutory authority under Code § 19.2-306 then in effect, to place appellant on supervised probation as a condition of re-suspending the 1989 sentence.  Accordingly, the trial court did not err in finding appellant guilty of violating that probation in February 2004 and revoking part of his 1989 suspended sentence.

For these reasons, we affirm the judgment of the trial court.

Affirmed.