COURT OF APPEALS OF VIRGINIA


Present:   Judges Benton, Elder and Clements
Argued at Salem, Virginia


CHRISTOPHER ALLEN MASON

v.      Record No. 2045-05-3

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE JEAN HARRISON CLEMENTS
MARCH 27, 2007


FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
Mosby G. Perrow, III, Judge

Thomas S. Leebrick (Thomas S. Leebrick, P.C., on brief), for
appellant.

Donald E. Jeffrey, III, Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


On appeal from an order revoking his previously suspended sentence, Christopher Allen

Mason (appellant) contends the trial court abused its discretion in sentencing him to an indefinite

period of supervised probation.  For the reasons that follow, we modify the period of supervised

probation to be concurrent with the specified period of suspension of sentence and affirm the

judgment of the trial court thus modified.

As the parties are fully conversant with the record in this case, and because this

memorandum opinion carries no precedential value, this opinion recites only those facts and

incidents of the proceedings as are necessary to the parties' understanding of the disposition of

this appeal.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

## I.  BACKGROUND

The procedural circumstances relevant to this appeal are not in dispute.  On October 15, 1999, the trial court sentenced appellant to ten years in prison for committing forcible sodomy in violation of Code § 18.2-67.1.  The trial court suspended execution of the entire sentence subject to certain conditions.

On July 7, 2003, the trial court found that appellant had failed to comply with the conditions of the suspension and revoked the suspension of the sentence.  The court then resuspended upon certain conditions the execution of all but two years of the reinstated sentence.

On July 22, 2005, the trial court found that appellant had violated the conditions of the resuspended sentence and revoked the suspension of that sentence.  By order entered the same day, the court imposed an active sentence of twelve months in jail and resuspended execution of the rest of appellant's unserved sentence, upon the following conditions:

> Good Behavior.  The defendant shall be of good behavior for 3 years from the defendant's release from confinement.
>
> Supervised Probation.  The defendant is placed on probation to commence on release from incarceration under the supervision of a Probation Officer for an *indefinite period of time*.  The defendant shall comply with all the rules and requirements set by the Probation Officer.

(Emphasis added.)

Appellant moved to amend the sentence, arguing that the imposition of an "indefinite period" of supervised probation was improper under Hartless v. Commonwealth, 29 Va. App. 172, 510 S.E.2d 738 (1999).  The trial court denied appellant's motion, and this appeal followed.

## II.  ANALYSIS

Appellant contends on appeal, as he did below, that the trial court's imposition of an "indefinite period" of supervised probation in the July 22, 2005 order was inappropriate under Hartless.  We agree.

In Hartless, having found the defendant guilty of indecent exposure, the trial court sentenced him to

> twelve months in jail, with two months suspended upon the following conditions:
>
> Good behavior. The defendant shall be of good behavior for 1 year from the defendant's release from confinement.
>
> Supervised probation. The defendant is placed on intensive probation to commence on release from incarceration, under the supervision of a Probation Officer for an *indefinite period* of time, to be reviewed yearly. The defendant shall comply with all the rules and requirements set by the Probation Officer.

Id. at 174, 510 S.E.2d at 739 (emphasis added). Reasoning that, "to be effective, probation must be concurrent with a coordinate term of suspension of sentence," we held that the period of supervised probation imposed by the trial court may not "extend beyond . . . the specified period of suspension." Id. at 175, 510 S.E.2d at 739-40. We further held that "[t]he good behavior requirement [set forth in the trial court's sentencing order in Hartless] sufficiently defined a period of suspension continuing for one year from Hartless's release from confinement." Id. at 175, 510 S.E.2d at 740. Hence, we concluded that Hartless's supervised probation could not continue "beyond one year from Hartless's release from confinement." Id. Consequently, we modified "Hartless's term of probation such that it . . . continue[d] for a term ending one year following his release from confinement," and affirmed the trial court's judgment thus modified. Id. at 176, 510 S.E.2d at 740.

The same principles govern our resolution of this appeal. Here, the trial court suspended the execution of the balance of appellant's sentence on the condition that he "be of good behavior for [three] years from [his] release from confinement." No other period of suspension is set forth in the July 22, 2005 order. Thus, as in Hartless, the good behavior requirement set forth in the court's order delineates the period of suspension of sentence. See id. at 175, 510

S.E.2d at 740.  Because, as we said in <u>Hartless</u>, the period of supervised probation imposed by the trial court may not "extend beyond . . . the specified period of suspension," appellant's supervised probation may not last more than three years following his release from confinement. <u>See</u> <u>id.</u>

Accordingly, we modify the period of supervised probation imposed by the trial court in the July 22, 2005 order "to be coterminous" with the specified period of suspension of sentence such that it will end three years from appellant's release from confinement.  <u>Id.</u> at 174, 510 S.E.2d at 739.  "With that modification, the judgment of the trial court is affirmed."  <u>Id.</u> at 176, 510 S.E.2d at 740.

<u>Modified and affirmed.</u>