COURT OF APPEALS OF VIRGINIA

Present: Judges Kelsey, McClanahan and Beales
Argued at Salem, Virginia


TIMOTHY RIFE

MEMORANDUM OPINION* BY
v.      Record No. 1388-08-3          JUDGE ELIZABETH A. McCLANAHAN
                                       AUGUST 25, 2009
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF TAZEWELL COUNTY
Henry A. Vanover, Judge

Russell Vern Presley, II (Street Law Firm, LLP, on briefs), for
appellant.

Leah A. Darron, Senior Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


Timothy Rife appeals from the sentencing order entered after his conviction for criminal

solicitation of a minor. He argues the trial court erred in imposing a term of probation exceeding

the suspended portion of his sentence. We affirm the judgment of the trial court.

I. BACKGROUND

Rife was indicted for criminal solicitation of a minor in violation of Code §§ 18.2-29 and

18.2-361, to which he entered into a plea agreement. The trial court took his plea under advisement

for twenty-four months during which time Rife was on probation. After Rife violated the terms of

his probation, the trial court convicted him of the criminal solicitation offense and sentenced him to

incarceration for a term of ten (10) years with seven (7) years suspended. Rife was initially placed

on supervised probation for an indefinite period. After Rife filed a motion for reconsideration, the

trial court modified the probation period to ten (10) years.

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

II.  ANALYSIS

Rife contends the trial court abused its discretion by imposing a ten-year probation period that exceeds his seven-year suspended sentence.

According to Code § 19.2-303, "[a]fter conviction, whether with or without jury, the court may suspend imposition of sentence or suspend the sentence in whole or part and in addition may place the defendant on probation under such conditions as the court shall determine . . . ."  The trial court's "ability to revoke the suspension of a sentence and to impose that sentence permits it to enforce a probationary requirement as a condition of suspension."  Hartless v. Commonwealth, 29 Va. App. 172, 175, 510 S.E.2d 738, 739 (1999).

In Rife's sentencing order, the trial court imposed a suspended sentence of seven years with no defined period of suspension and a probation period of ten years.  Rife argues the trial court was permitted, at most, to impose a probation period of seven years, equal to the suspended portion of his sentence, because the period of probation may not "extend beyond . . . the specified period of suspension."  Id. at 175, 510 S.E.2d at 739-40.  Rife's argument is based on a failure to distinguish the period of suspension from the suspended portion of a sentence.  "In any case in which the court has suspended the execution or imposition of sentence, the court may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court."  Code § 19.2-306(A).  The period of suspension is the number of years during which the trial court may revoke the suspended portion of the sentence.  As we stated in Hartless, it would be useless to impose a period of probation extending beyond a period of suspension because once the period of suspension has expired, the trial court can no longer revoke the suspension and impose an

active sentence if the defendant violates the terms of his probation.[1]  "Because probation depends for enforceability upon the existence of a term of sentence suspension," the duration of probation must run concurrent with and no longer than[2] "the specified period of suspension." Hartless, 29 Va. App. at 175, 510 S.E.2d at 740.  Since the trial court imposed a ten-year probation period on Rife, by default, the period of suspension is likewise at least ten years.  There is no requirement, though, that the period of probation be equal to the suspended portion of the sentence.  Indeed, in Hartless, the defendant received a two-month suspended sentence and we determined a one-year probation period was appropriate.  Id. at 176, 510 S.E.2d at 740.

Rife does not argue the trial court imposed any conditions that were not "reasonable," see Dyke v. Commonwealth, 193 Va. 478, 484, 69 S.E.2d 483, 486 (1952), and it was certainly within the trial court's discretion to impose a probation period of ten years, there being no requirement that the probation period be limited by the suspended portion of Rife's sentence.  Accordingly, the trial court did not abuse its discretion.

For these reasons, we affirm the judgment of the trial court.

Affirmed.

---

[1] In Hartless, the trial court imposed a twelve-month sentence with two months suspended.  The trial court also imposed a one-year good behavior requirement and an indefinite period of probation with no specified period of suspension.  We ruled the trial court erred in imposing an indefinite period of probation and determined the period of probation should be one year so as to run concurrent with the one-year period of suspension sufficiently defined by the one-year good behavior requirement.  29 Va. App. at 175-76, 510 S.E.2d at 740.

[2] Although the supervised probation period can be no longer than the period of suspension, the period of suspension can exceed the period of probation.