COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Fitzpatrick, Judges Bumgardner and Humphreys
Argued at Alexandria, Virginia


REINADLO D. LEITAO, JR., S/K/A
 REINALDO LEITAO, JR.
                                              OPINION BY
v.   Record No. 0512-02-4         JUDGE RUDOLPH BUMGARDNER, III
                                          DECEMBER 17, 2002
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF FAUQUIER COUNTY
                   Jeffrey W. Parker, Judge

          Seth I. Howard, Assistant Public Defender
          (Office of the Public Defender, on brief),
          for appellant.

          Amy L. Marshall, Assistant Attorney General
          (Jerry W. Kilgore, Attorney General, on
          brief), for appellee.


     The trial court found Reinadlo D. Leitao, Jr. in violation

of probation for the third time and revoked the balance of his

original sentence.  He contends there was no suspended sentence

to impose.  Concluding the trial court properly imposed the

unserved remainder of the defendant's sentence, we affirm.

     On July 22, 1996, the trial court convicted the defendant

of breaking and entering, grand larceny, and possession of

marijuana with intent to distribute.  It sentenced him to six

years in prison.  It then ordered him to serve six months in

jail, suspended the balance of five years and six months, and

placed the defendant on probation for two years.

On April 11, 1997, the trial court found the defendant violated probation. It revoked the five years and six months suspended sentence, ordered him to serve 12 months in jail, re-suspended the balance of the sentence, and placed the defendant on probation.

On April 15, 1999, the trial court found the defendant violated probation a second time. It revoked the suspended sentence and probation, ordered him to serve one year of the original sentence, and placed him on probation for two years upon his release.[1]

On February 13, 2002, the trial court found the defendant violated probation a third time. It revoked the suspension and probation and ordered the defendant to serve the balance of the original sentence, three years and six months. The defendant stipulated he had violated probation for the third time.

---

[1] The 1999 order provides, in pertinent part:

> the Court Adjudges and Orders that the suspension of the execution of the sentence and the placing of the defendant on probation . . . is hereby revoked . . . . [I]t is accordingly the judgment of this Court that the defendant be sentenced to . . . serve one year of the original sentence . . . [and] be placed back on probation . . . and . . . comply with the original terms of probation.

The defendant contends no suspended sentence remained for the trial court to revoke. He argues the 1999 order revoked his suspended sentence, sentenced him to serve a portion of it, but failed to re-suspend explicitly the balance of the original sentence. He contends no balance remained suspended for the trial court to order served.

The trial court ruled the 1999 order re-suspended the balance of the defendant's original sentence. It stated: "When the suspension was revoked, the sentence would have gone into effect automatically. And then . . . the Court placed him back on probation and [by implication] re-suspended the sentence." We defer to the trial court's interpretation of its own order. Fredericksburg Constr. Co. v. J.W. Wyne Excavating, 260 Va. 137, 144, 530 S.E.2d 148, 152 (2000); Rusty's Welding Serv., Inc. v. Gibson, 29 Va. App. 119, 129, 510 S.E.2d 255, 260 (1999). While the court has broad discretion, "that discretion must be exercised reasonably and not arbitrarily or capriciously." Smoot v. Commonwealth, 37 Va. App. 495, 500, 559 S.E.2d 409, 412 (2002). Absent an abuse of discretion, we will not reverse a trial court's revocation of a suspended sentence under Code § 19.2-306. Hamilton v. Commonwealth, 217 Va. 325, 326, 228 S.E.2d 555, 556 (1976).

The only logical interpretation of the 1999 order is the one the trial court adopted. The order only imposed a portion of the remaining sentence. It placed the defendant back on

- 3 -

probation upon his release.  Probation was meaningless if no sentence remained for the court to impose if the defendant violated the terms imposed.  "To be effective, probation must be concurrent with a coordinate term of suspension of sentence." Hartless v. Commonwealth, 29 Va. App. 172, 175, 510 S.E.2d 738, 739 (1999).  The absence of an explicit recitation re-suspending the balance of the original sentence did not implicitly discharge the remaining sentence; it implicitly re-suspended the balance that the defendant had not served.

When a court revokes the suspension of execution of sentence, "the original sentence shall be in full force and effect."  Code § 19.2-306.  Contrary to the defendant's contention, the 1999 order could not shorten the original suspended sentence.  Rule 1:1.  The defendant concedes he has not served the full sentence originally imposed.

The 1999 order revoked the suspended sentence, and sentenced the defendant to serve one year of the original sentence.  The time not served remained suspended subject to revocation if the defendant violated the terms of probation.[2] When the defendant did violate those terms, the trial court

_____

[2] We decline to hold that the sentencing summary on the 1999 order affects the outcome of this case.  The summary appears after the heading "For Department of Corrections Use" and indicates that "0" time was suspended.  The defendant maintains that the notation extinguished the balance of his sentence. This summary does not supplant the wording of the order itself.

could revoke that suspension and order the defendant to serve the three years and six months balance of his original sentence. Accordingly, we affirm.

<u>Affirmed.</u>