COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, Beales and McCullough
Argued at Alexandria, Virginia


BERNARD VERNON WEST

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0025-14-4                      JUDGE STEPHEN R. McCULLOUGH
                                                    FEBRUARY 10, 2015

COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
                          Daniel S. Fiore, II, Judge

        Allison H. Carpenter, Senior Assistant Public Defender (Matthew T.
        Foley, Public Defender; Office of the Public Defender, on briefs), for
        appellant.

        Aaron J. Campbell, Assistant Attorney General (Mark R. Herring,
        Attorney General, on brief), for appellee.

Bernard Vernon West challenges the trial court's revocation of his suspended sentence on several grounds. For the following reasons, we affirm the judgment of the trial court.

BACKGROUND

Appellant pled guilty to three charges of credit card theft, and on October 3, 2006, the trial court sentenced him to three concurrent terms of four years' incarceration with two years and eight months suspended. The court also ordered him to submit to supervised probation for four years upon release from incarceration.

Appellant was released from prison on October 11, 2007. On July 10, 2009, his probation officer requested that the court issue a bench warrant for failing to comply with several conditions of probation. By order dated December 3, 2009, the court found him guilty of

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

violating the terms of his probation and imposed sixty days of his suspended sentence. The order specifies that "the Defendant's probation be extended for a period of one (1) year," but it did not state that the court was re-suspending the balance of his suspended sentence.

On October 20, 2011, appellant's probation officer informed the court that appellant failed to pay his court costs. The officer requested that the court schedule a show cause hearing, and one was scheduled for June 29, 2012. On June 22, 2012, the probation office informed the court that appellant had been convicted of new crimes in Washington, D.C. On July 26, 2012, the court entered an order in connection with appellant's court costs. Appellant had asked the court to allow him to perform community service hours in lieu of paying court costs. The court granted the motion and extended appellant's probation to June 21, 2013. The court continued the show cause hearing to September 21, 2012.

On September 18, 2012, the probation office informed the court that appellant had been sentenced on his drug-related offenses in Washington, D.C. In an addendum dated October 24, 2013, the probation office noted that appellant had also been convicted of attempted armed robbery on January 10, 2013, in Anne Arundel County, Maryland. By order dated December 2, 2013, the court found appellant guilty of violating the terms of his probation and imposed "the balance of the time previously suspended." The court denied appellant's motion to reconsider his sentence.

ANALYSIS

We review *de novo* the trial court's authority to revoke a suspended sentence. Hodgins v. Commonwealth, 61 Va. App. 102, 107, 733 S.E.2d 678, 680 (2012). Appellant assigns two errors to the judgment below:

> I. The trial court erred in finding West in violation of his probation because the period of his sentence suspension ended in October 2011, before his alleged general good behavior violations occurred,

and the trial court accordingly lacked jurisdiction to revoke his probation.

II. The trial court erred in finding West in violation of his probation because the trial court lacked the authority to extend West's probation in November 2009, and it accordingly lacked jurisdiction to revoke his probation.

On October 3, 2006, the trial court sentenced appellant to serve three concurrent sentences of four years in prison with two years and eight months suspended. The court also placed him on probation for a four-year period, which was to commence upon his release from incarceration. Appellant was released from incarceration on October 11, 2007. The parties agree that, without an extension, his suspended sentence would have expired on October 11, 2011. There is no dispute that the trial court had jurisdiction to revoke all or part of his suspended sentence on December 3, 2009. The parties disagree over what the court actually did in its December 3, 2009 order. In particular, the parties disagree over the consequence of the trial court's failure in that order expressly to re-suspend the previously suspended sentence.

Appellant argues that trial courts speak through their written orders and that the trial court's failure to expressly re-suspend the remaining balance of his suspended sentence in the order means that the suspended sentence expired long before the trial court entered an order revoking the balance of appellant's suspended sentence. He further contends that a period of probation is distinct from the period under which a sentence is suspended. Accordingly, he argues, merely extending the period of probation does not extend the time for which the sentence remains suspended.[1]

Our resolution of this issue is controlled by Leitao v. Commonwealth, 39 Va. App. 435, 573 S.E.2d 317 (2002), and Jacobs v. Commonwealth, 61 Va. App. 529, 738 S.E.2d 519 (2013).

---

[1] In light of our conclusion, we find it unnecessary to address arguments whether appellant has (impermissibly) collaterally attacked the December 3, 2009 order.

Following a probation violation, the trial court in Leitao revoked the defendant's suspended sentence and probation, ordered him to serve one year of the original sentence, and placed him on probation for two years upon his release. 39 Va. App. at 437, 573 S.E.2d at 318. As in the present case, the trial court's order did not expressly re-suspend the balance of the defendant's sentence. Id. at 437 n.1, 438, 573 S.E.2d at 318 n.1, 318-19. Several years later, when the defendant was brought before the court for another probation violation, he argued that there was nothing left of his suspended sentence for the court to revoke. Id. at 437-38, 573 S.E.2d at 318. We disagreed, concluding that "[t]he absence of an explicit recitation re-suspending the balance of the original sentence did not implicitly discharge the remaining sentence; it implicitly re-suspended the balance that the defendant had not served." Id. at 438, 573 S.E.2d at 319.

We revisited the issue in Jacobs. As in Leitao, the trial court did not expressly re-suspend the balance of the remaining available sentence when it found the defendant guilty of violating the terms of his probation. See Jacobs, 61 Va. App. at 532, 535, 738 S.E.2d at 520, 522. We held that the "lack of an explicit re-suspension of the balance of the remaining sentence" did not constitute reversible error. Id. at 535, 738 S.E.2d at 522. It was "evident that the trial court implicitly interpreted the [earlier] revocation order in its subsequent . . . revocation order, showing that the trial court actually intended in its [earlier] order to re-suspend the balance of the remaining available sentence." Id. at 535-36, 738 S.E.2d at 522. We concluded that, "[a]s in Leitao, the trial judge here construed its revocation order in the only manner possible – given that a trial court simply lacks any authority to 'shorten the original suspended sentence.'" Id. at 536, 738 S.E.2d at 522 (citation omitted).

A number of important considerations drive our holdings in these cases. First, a sentence, including a suspended sentence, that has become final remains in effect whether or not a trial court mentions it in a subsequent order. Id. at 540, 738 S.E.2d at 524 ("It is clear that

[w]hen a court revokes the suspension of execution of sentence, the original sentence shall be in full force and effect." (alteration in original) (quoting Leitao, 39 Va. App. at 438, 573 S.E.2d at 319) (internal quotation marks omitted)). It does not vanish by omission. Second, "probation depends for enforceability upon the existence of a term of sentence suspension." Hartless v. Commonwealth, 29 Va. App. 172, 175, 510 S.E.2d 738, 740 (1999). Therefore, when a trial court imposes a new term of probation without expressly re-suspending the balance of the sentence, we do not assume that this act was meaningless. Instead, we presume that the trial court intended to make the term of probation effective and that it implicitly re-suspended the balance of the previously suspended sentence. Finally, when coupled with a suspended sentence, probation represents "an act of grace," Price v. Commonwealth, 51 Va. App. 443, 448, 658 S.E.2d 700, 703 (2008) (internal quotation marks and citation omitted), which allows the criminal defendant the opportunity to "repent and reform," Marshall v. Commonwealth, 202 Va. 217, 219, 116 S.E.2d 270, 273 (1960) (internal quotation marks and citation omitted). Probation statutes are to "be liberally construed to provide trial courts a valuable tool for rehabilitation of criminals." Grant v. Commonwealth, 223 Va. 680, 684, 292 S.E.2d 348, 350 (1982). Construing orders to provide a disincentive for reform and repentance would be inconsistent with the overarching purpose of these statutes.

As Leitao and Jacobs make clear, the December 3, 2009 order implicitly re-suspended any unserved portions of appellant's suspended sentence. Furthermore, Code § 19.2-304 allows the court to "subsequently increase or decrease the probation period" and to "revoke or modify any condition of probation." Under this statute, the trial court could extend appellant's probation on December 3, 2009, and again on July 26, 2012. Moreover, in Dunham v. Commonwealth, 59 Va. App. 634, 639 n.2, 721 S.E.2d 824, 827 n.2, aff'd, 284 Va. 511, 733 S.E.2d 660 (2012) (per curiam), we noted that "a trial court does not err by increasing the period of suspension

subsequent to an original sentencing order, upon revocation and resuspension of the sentence."

See generally Wright v. Commonwealth, 32 Va. App. 148, 526 S.E.2d 784 (2000). Finally, Code § 19.2-306(A) provides,

> In any case in which the court has suspended the execution or imposition of sentence, the court may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court.

The trial court retained jurisdiction over the case. On December 3, 2009, and on July 26, 2012, it could extend appellant's probation. On December 2, 2013, it could revoke the balance of the suspended sentence for the relevant probation violations.

CONCLUSION

We affirm the judgment of the trial court.

Affirmed.