COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, Malveaux and Senior Judge Frank
Argued at Hampton, Virginia

UNPUBLISHED

SONNY JAMES KELLY

MEMORANDUM OPINION[*] BY
v.      Record No. 1076-18-1      JUDGE ROBERT P. FRANK
SEPTEMBER 24, 2019

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF ACCOMACK COUNTY
W. Revell Lewis, III, Judge

Afshin Farashahi for appellant.

Brittany A. Dunn-Pirio, Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.

Appellant challenges the revocation of his two previously suspended sentences on the

basis that the events triggering the revocation occurred after the suspension period allegedly had

expired.

BACKGROUND

The facts relevant to this appeal are uncontroverted. On June 26, 2008, the trial court

sentenced appellant to ten years' incarceration on each of two counts of grand larceny, to run

concurrently, suspending six years. The sentencing order did not provide for a term of

supervised probation or impose and suspend a term of post-release supervision.

At the revocation hearing on April 12, 2018, appellant conceded that he had violated the

terms of the 2008 suspended sentences by committing new offenses. Appellant's counsel told

the trial court:

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Just for the record, there was no specification of good behavior in his order back in 2008; but as you know, the statute provides that it can be — it's always implied in any sentencing that there is a provision for good behavior; and if it's not specified we're looking at potentially the maximum he could be sentenced to, which grand larceny was twenty years. So that's what we're looking at is he should have been of good behavior for twenty years, Judge.[1]

The trial judge revoked all six years on both counts to run concurrently with each other and consecutively with his 2018 sentences for receiving stolen property and threatening to burn a building.[2]

This appeal follows.

<u>ANALYSIS</u>

On appeal, appellant contends the trial court erred in revoking his 2008 suspended sentences because the 2008 order did not provide for a probation period and the offenses precipitating the revocation had occurred after the periods of probation and suspension had ended. While acknowledging that he did not raise this issue below, he seeks review under the "ends of justice" exception to Rule 5A:18.[3]

---

[1] See <u>Marshall v. Commonwealth</u>, 202 Va. 217, 220 (1960) (holding that "good behavior is a condition of every suspension, with or without probation, whether expressly so stated or not").

[2] Appellant was sentenced for all of the offenses at the same hearing. He has challenged in separate appeals the sentences imposed for receiving stolen property (<u>Kelly v. Commonwealth</u>, No. 0620-18-1) and threatening to burn a building (<u>Kelly v. Commonwealth</u>, No. 1075-18-1).

[3] Rule 5A:18 states:

No ruling of the trial court or the Virginia Workers' Compensation Commission will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause or to enable the Court of Appeals to attain the ends of justice. A mere statement that the judgment or award is contrary to the law and the evidence is not sufficient to preserve the issue for appellate review.

The purpose of Rule 5A:18 is "to alert the trial judge to possible error so that the judge may consider the issue intelligently and take any corrective actions necessary to avoid unnecessary appeals, reversals and mistrials." Martin v. Commonwealth, 13 Va. App. 524, 530 (1992) (*en banc*). "In addition, a specific, contemporaneous objection gives the opposing party the opportunity to meet the objection at that stage of the proceeding." Fountain v. Commonwealth, 64 Va. App. 51, 56 (2014) (quoting Weidman v. Babcock, 241 Va. 40, 44 (1991)).

"'The ends of justice exception is narrow and is to be used sparingly' and applies only in the extraordinary situation where a miscarriage of justice has occurred." Holt v. Commonwealth, 66 Va. App. 199, 209 (2016) (*en banc*) (quoting Redman v. Commonwealth, 25 Va. App. 215, 220-21 (1997)); accord Wandemberg v. Commonwealth, 70 Va. App. 124, 137 (2019). "[T]o show that a miscarriage of justice has occurred, thereby invoking the ends of justice exception, the appellant must demonstrate that he or she was convicted for conduct that was not a criminal offense or the record must affirmatively prove that an element of the offense did not occur." Holt, 66 Va. App. at 210 (quoting Redman, 25 Va. App. at 221-22). Whether the ends-of-justice exception to Rule 5A:18 applies requires this Court to determine first if the alleged error occurred and, if so, would "a grave injustice" occur if the exception were not applied. Williams v. Commonwealth, 294 Va. 25, 27-28 (2017) (published order) (quoting Commonwealth v. Bass, 292 Va. 19, 27 (2016)).

Appellant maintains the "miscarriage of justice" is that the trial court had no authority to impose a sentence for violating the terms of the 2008 suspended sentences since the term of

suspension had long expired, citing Code § 19.2-306(A).[4]  The essence of his argument is that

since the 2008 conviction order stated "total supervised probation term:  0," that "0" was, in fact,

the period of suspension fixed by the court.  Thus, his sole argument is that the probation

violation occurred far beyond the "0" years.

We first note that appellant conceded at the revocation hearing that the twenty-year

period of good behavior was stated implicitly in the 2008 order and that the violations had

occurred within twenty years of 2008.  Thus, he may not assert a contrary position on appeal.

See Rowe v. Commonwealth, 277 Va. 495, 502 (2009) (recognizing that a defendant "may not

approbate and reprobate by taking successive positions in the course of litigation that are either

inconsistent with each other or mutually contradictory" (quoting Cangiano v. LSH Bldg. Co.,

271 Va. 171, 181 (2006))).  Because the "approbate-reprobate doctrine is broader and more

demanding than Rule 5A:18," the ends of justice exception does not apply.  Alford v.

Commonwealth, 56 Va. App. 706, 709 (2010); see Hamilton v. Commonwealth, 69 Va. App.

176, 192-94 (2018).

Further, the ends of justice exception does not apply because Code § 19.2-306(A) clearly

gave the trial court the authority to revoke the suspended sentences.  See Mohamed v.

Commonwealth, 56 Va. App. 95, 101-03 (2010).  Appellant has misinterpreted the 2008 order.

---

[4] Code § 19.2-306(A) states:

> In any case in which the court has suspended the execution or
> imposition of sentence, the court may revoke the suspension of
> sentence for any cause the court deems sufficient that occurred at
> any time within the probation period, or within the period of
> suspension fixed by the court.  If neither a probation period nor a
> period of suspension was fixed by the court, then the court may
> revoke the suspension for any cause the court deems sufficient that
> occurred within the maximum period for which the defendant
> might originally have been sentenced to be imprisoned.

The language he relies on appears only in the sentence summary at the end of the document. The order itself contained no provision regarding probation. The order stated:

> The Court SENTENCES the defendant to Incarceration with the Virginia Department of Corrections for the term of ten (10) years each count, to run concurrently.
>
> The Court SUSPENDS six (6) years.

A sentence may be suspended without probation. See Collins v. Commonwealth, 269 Va. 141, 145 (2005). Thus, the reference to "supervised probation" did not mean the court fixed the probation period at zero because the "summary does not supplant the wording of the order itself." See Leitao v. Commonwealth, 39 Va. App. 435, 439 n.2 (2002) (rejecting defendant's argument that the sentencing summary, which indicated "time suspended" as "0" extinguished the balance of his sentence).

Appellant's argument is unavailing and leads to an absurd result. The logical outcome of his argument would be to prevent any revocation of the suspended time since any such proceeding must take place on the date of sentencing. The suspended time would be meaningless under appellant's approach.

Upon a proper reading of the statute, based on the facts of this case, the sentencing order did not impose any period of probation or fix the length of the suspension. Thus, "the court may revoke the suspension for any cause the court deems sufficient that occurred within the maximum period for which the defendant might originally have been sentenced to be imprisoned." Code § 19.2-306(A). Appellant was convicted of grand larceny, for which the maximum punishment is twenty years in prison. See Code § 18.2-95. Accordingly, the period during which the trial court could revoke the suspended sentences will expire on June 8, 2028. Appellant committed the new offenses in 2016 and 2017 and was found guilty of them in October 2017, well within the applicable twenty-year period.

Appellant is unable to demonstrate on this record that a miscarriage of justice occurred since the trial court did not err in finding the violations triggering the revocation took place during the probation period. See Mohamed, 56 Va. App. at 101-03. His failure to raise his argument below precludes our review. See id. at 97.

CONCLUSION

Because appellant conceded at the revocation hearing that he had violated the terms of his probation within the applicable twenty-year period of good behavior, he cannot approbate and reprobate by taking a different position on appeal. Further, the ends of justice exception to Rule 5A:18 does not apply in this case. Therefore, we affirm the decision of the trial court revoking appellant's suspended sentences.

Affirmed.