COURT OF APPEALS OF VIRGINIA

Present:    Chief Judge Decker, Judges Humphreys and AtLee
Argued by videoconference

PUBLISHED

RICHARD ROOSEVELT HILL

OPINION BY
v.        Record No. 0562-20-4             JUDGE ROBERT J. HUMPHREYS
MAY 18, 2021

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
Daniel S. Fiore, II, Judge

Shalev Ben-Avraham, Senior Assistant Public Defender, for
appellant.

Elizabeth Kiernan Fitzgerald, Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.

On March 17, 2015, Richard Roosevelt Hill ("Hill"), after pleading guilty in the Circuit

Court of Arlington County ("the circuit court") to attempted unlawful wounding in violation of

Code § 18.2-51, was sentenced to three years of incarceration ("the 2015 order").  The circuit

court suspended all but six months of Hill's sentence for a period of three years.  It also placed

Hill on supervised probation for three years, to begin upon his release from confinement.  On

April 18, 2018, the circuit court found Hill had violated the conditions of his probation and

entered an order ("the 2018 order") requiring the balance of Hill's sentence to be executed with

all but one year re-suspended and placed him on probation for two years.  On February 27, 2020,

the circuit court found Hill had violated his probation again and ordered that the remaining

balance of his sentence be executed ("the 2020 order").  Hill argues on appeal that at the time of

his second probation violation, the circuit court no longer had jurisdiction to revoke his

suspended sentence and so erred by entering the 2020 order.

I. BACKGROUND

On March 17, 2015, after pleading guilty to one count of attempted unlawful wounding, Hill was sentenced to three years' incarceration with all but six months of the sentence suspended for a period of three years. Hill was subject to supervised probation for three years upon his release from confinement.

Hill was released from the Arlington County Detention Center on March 10, 2015.[1] He went directly into federal custody upon leaving state detention. Hill left federal prison on December 4, 2016.

Hill was subsequently found to have violated the terms of his probation. After a hearing on March 16, 2018, his probation violation was disposed of on April 18, 2018, by an order that stated:

> [T]he balance of the time at the time of this hearing is hereby imposed [sic] and all but one (1) year suspended. Upon release from incarceration, the [d]efendant shall be restored to probation. Supervised probation is extended for two (2) years from the date of the [d]efendant's release from confinement, on the same terms and conditions as contained in this [c]ourt's order dated March 9, [sic] 2015 . . . .[2]

(Emphasis omitted).

On February 1, 2019, Hill did not appear for a probation violation hearing. Subsequently, the circuit court issued a bench warrant for his arrest and Hill was taken into custody. Hill filed a

---

[1] The hearing at which Hill pled guilty and was sentenced occurred on March 9, 2015. The circuit court gave Hill credit for time already served and, as such, he was released the day after the hearing, March 10, 2015. The circuit court did not enter its written order until March 17, 2015.

[2] As provided by Code § 19.2-303, Hill's sentence was actually "imposed" by the 2015 sentencing order. The issue before the circuit court that was resolved by the 2018 order was whether, or to what degree, the balance of the sentence previously imposed on Hill should be executed for his violations of the conditions under which the previously imposed sentence was suspended.

motion to dismiss the bench warrant, asserting that he was not subject to revocation of his suspended sentence because at the time of his probation violation, the circuit court no longer had jurisdiction. Hill's motion to dismiss was denied.

On February 27, 2020, following a hearing, the circuit court found that Hill had again violated the terms of his probation. Hill appeals that judgment to this Court.

## II. ANALYSIS

### A. Standard of Review

Hill's assignment of error challenges the circuit court's "jurisdiction" to determine whether he violated the terms and conditions of his probation and suspended sentence, which is a question of law reviewed *de novo* on appeal. See Johnson v. Johnson, 72 Va. App. 771, 777 (2021) (quoting Brown v. Brown, 69 Va. App. 462, 468 (2018)). His argument also presents a question of statutory construction which we likewise review *de novo*. Farrakhan v. Commonwealth, 273 Va. 177, 180 (2007) ("The construction of a statute is a question of law which we review de novo upon appeal.").

### B. Hill's Argument

Hill does not contest that he violated the terms and conditions of his suspended sentence while on supervised probation, which led to the 2020 order from which he appeals.[3] Hill instead argues that at the time he violated probation, the circuit court no longer had jurisdiction over his suspended sentence. He arrives at this conclusion by a creative interpretation of the 2015 order.

In pertinent part, the 2015 order suspended all but six months of the balance of Hill's sentence for a period of three years "with the following special condition(s): [t]he [d]efendant is

---

[3] Although Hill admitted to other probation violations occurring in December 2018 and later in 2019, the February 1, 2019 violation was the only one upon which the bench warrant and Hill's subsequent arrest were predicated. He ultimately argues that the circuit court lost jurisdiction over him on March 17, 2018, prior to any of the aforementioned violations. Therefore, to eliminate confusion, we only reference his February 1, 2019 violation.

placed on probation under the supervision of a probation officer of this [c]ourt during his uniform good behavior for three (3) years from the date of this hearing or his release from confinement, whichever occurs last . . . ." (Emphasis omitted). Under this order, Hill's period of probation did not begin until his release from federal prison on December 4, 2016.[4]

Hill argues that the period of suspension began immediately on the date of the sentencing order, March 17, 2015, because, unlike the period of probation, the 2015 order did not explicitly state when the period of suspension was to begin and therefore it expired three years later, on March 17, 2018.

Crucial to Hill's argument is the fact that although the 2018 order imposed some of his sentence and suspended the rest, it failed to explicitly state a period of time for which the balance of his sentence was re-suspended. However, the 2018 order did extend his probationary period by two additional years. Therefore, Hill asserts that the three-year period of suspension prescribed in the 2015 order remained in effect and had obviously expired by February 2019 when he violated his probation. Hill essentially argues that the March 2015 sentencing order set two different periods, one for probation and another different period for the suspension of his sentence, that did not run concurrently, and that the three-year period of suspension was not modified by the 2018 order.

---

[4] The 2015 order stated that Hill was on probation for three years from his "release from confinement." Hill argued below that "confinement" only referred to state confinement. Under Hill's theory, the three-year period of probation began as soon as he was released from state prison and while he was still incarcerated on federal charges. The circuit court explicitly disagreed with Hill's interpretation of "confinement" as referenced in the sentencing order. The circuit court interpreted its own order and stated that "release from confinement" meant Hill's probation was to begin upon release from all confinement, not only state prison, and therefore, Hill's probation began when he was released from federal prison. Although it ultimately does not impact our analysis for the reasons discussed more fully below, as a reviewing court, we defer to the circuit court's interpretation of its own order. See Fredericksburg Const. Co., Inc. v. J.W. Wyne Excavating, Inc., 260 Va. 137, 144 (2000).

C.  The Plain Text of Code § 19.2-306

As an appellate court, we "'construe the law as it is written,' and we are also mindful that '[t]o depart from the meaning expressed by the words is to alter the statute, to legislate and not to interpret.'" Town of Leesburg v. Giordano, 276 Va. 318, 323 (2008) (alteration in original) (quoting Hampton Roads Sanitation Dist. Comm'n v. City of Chesapeake, 218 Va. 696, 702 (1978)).  We defer to the plain meaning of statutory language because we presume that the legislature carefully and intentionally chose their words when enacting a statute.  See Jackson v. Fidelity and Deposit Co. of Md., 269 Va. 303, 313 (2005).  "Where the General Assembly has expressed its intent in clear and unequivocal terms, it is not the province of the judiciary to add words to the statute or alter its plain meaning."  Id.

The General Assembly has given circuit courts the very broad authority to suspend sentences, place defendants on probation subject to reasonable terms and conditions, and has expressly provided circuit courts with continuing subject matter and active jurisdiction over criminal defendants who are otherwise subject to possible imprisonment for the clearly rehabilitative purpose of encouraging them to alter their criminal behavior and providing them with an opportunity to avoid incarceration.  See Code §§ 19.2-303 to -306; see also Nuckoles v. Commonwealth, 12 Va. App. 1083, 1086 (1991) ("The obvious purpose of affording trial courts discretion in matters of suspension and probation is to provide a remedial tool to use in the rehabilitation of criminals.").  "A circuit court's jurisdiction to revoke a convict's probation and suspension of sentence is part of [a] purely criminal process.  That jurisdiction is based on Code § 19.2-306 . . . ."  Green v. Commonwealth, 263 Va. 191, 194 (2002).

Here, we need only interpret the circuit court's 2018 order because, under the statutory scheme regarding sentencing, probation, and revocation, the 2018 order clearly superseded the order from 2015.  Code § 19.2-306(C) states:

- 5 -

> If the court, after hearing, finds good cause to believe that the defendant has violated the terms of suspension . . . if the court originally suspended the execution of the sentence, the court shall revoke the suspension and the original sentence shall be in full force and effect. The court may again suspend all or any part of this sentence and may place the defendant upon terms and conditions or probation.

Here, after a hearing, Hill was found to have violated the conditions under which his sentence was partially suspended. Interpreting Code § 19.2-306(C), we have previously held that

> [T]he language of subsection (C) makes clear that revocation of a previously suspended sentence and the resuspension of some or all of that previously suspended sentence is a *new . . . event*, restricted only by limitations that it may not extend the length of the original sentence . . . and, as is the case with an original suspension, that any conditions of suspension be reasonable.

Reinke v. Commonwealth, 51 Va. App. 357, 367-68 (2008) (emphasis added).

A circuit court, in revoking a defendant's sentence and re-suspending it, has authority "pursuant to Code § 19.2-306(C) to determine anew what conditions should accompany those suspensions." See id. at 368. The circuit court unquestionably did exactly that in its 2018 order. Therefore, contrary to Hill's argument, the 2015 order no longer controlled the terms and conditions of his probation once the circuit court entered the 2018 order.

Hill's violation undisputedly occurred during the period of time he was on probation pursuant to the 2018 order. Hill nevertheless argues that the circuit court limited its own active jurisdiction to consider this violation by its failure to expressly make the period of suspension concurrent with the period of probation.

We reject Hill's novel argument. First, the various forms of jurisdiction for any court are created and regulated variously by the Constitution, statutes, and the Rules of the Supreme Court. See Pure Presbyterian Church of Washington v. Grace of God Presbyterian Church, 296 Va. 42, 49-50 (2018). A court may not limit its own jurisdiction any more than it can create it where none exists. See id.

Second, Code § 19.2-306(A) does not require that a period of suspension of a sentence be specified, as a circuit court retains authority to execute a suspended sentence for any violation that occurs *either* during the period of probation or the period of suspension or, if neither was specified, during the maximum statutory period for the offense for which a defendant might have been sentenced to be imprisoned. See Code § 19.2-306(A). In Green, the Virginia Supreme Court interpreted Code § 19.2-306(A) and held that "[u]nder [Code § 19.2-306(A)], the circuit court retained jurisdiction over the suspended portion of Green's sentence . . . during the two year period of his probation . . . ." Green, 263 Va. at 195. Likewise, here, Code § 19.2-306(A) explicitly gave the circuit court jurisdiction over Hill's re-suspended sentence for the duration of his probation. Hill's violation was well within that extended two-year period.

Further, as noted above, Code § 19.2-306(A) does not require the circuit court to state a period of suspension as a prerequisite to have authority to revoke the suspension, although it recognizes that a court may do so. The statute only requires that the cause for revocation is "sufficient" and that it occurred within *either* the period of probation or period of suspension. While a period of suspension may be and usually is specified, under Code § 19.2-306(A), it is obviously not a mandatory condition for revocation of any suspended sentence.

However, the circuit court in this case did mistakenly cite the second sentence of Code § 19.2-306(A), "[i]f neither a probation period nor a period of suspension was fixed by the court, then the court may revoke the suspension," as authority for its revocation and to justify its jurisdiction. In the 2020 order, the circuit court stated:

> [T]he [c]ourt separately interprets Va. Code § 19.2-306(A) to provide that since, as [d]efendant argues, the April 18, 2018, [o]rder failed to state a period for the remaining sentence to be suspended and because that order suspended all but time served, the [c]ourt has jurisdiction to "revoke the suspension for any cause the [c]ourt deems sufficient that occurred within the maximum period for which the defendant might originally have been sentenced to be imprisoned," here for a maximum period of 20

- 7 -

years; thereupon, where the question is jurisdiction over the [d]efendant, the motion fails for [d]efendant is alleged to have violated probation during the period over which he was placed on probation by the [c]ourt . . . .

By relying solely upon the second sentence of Code § 19.2-306(A) to explain its jurisdiction to revoke Hill's probation, the circuit court invoked a part of the statute that did not apply to this case. The second sentence of that statute is only applicable if *neither* a period of probation nor a period of suspension was fixed. <u>See</u> Code § 19.2-306(A).

Code § 19.2-306(A) states in full:

In any case in which the court has suspended the execution or imposition of sentence, the court may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court. If neither a probation period nor a period of suspension was fixed by the court, then the court may revoke the suspension for any cause the court deems sufficient that occurred within the maximum period for which the defendant might originally have been sentenced to be imprisoned.

Here, Hill *was* assigned a probation period; the 2018 order explicitly required him to adhere to two additional years of supervised probation following the original three years. Therefore, the first sentence of Code § 19.2-306(A) controlled Hill's case.

However, this Court will not necessarily disturb a judgment that results in the right outcome yet contains faulty underlying reasoning. <u>See</u> <u>Peters v. Commonwealth</u>, 72 Va. App. 378, 388-89 (2020). Under the right result for a different reason doctrine, "it is the settled rule that how[ever] erroneous . . . may be the reasons of the court for its judgment upon the face of the judgment itself, if the judgment be right, it will not be disturbed on account of the reasons." <u>Perry v. Commonwealth</u>, 280 Va. 572, 579 (2010) (alteration in original) (quoting <u>Schultz v. Schultz</u>, 51 Va. 358, 384 (1853)). While this doctrine does not apply unless the record on appeal fully supports the appellee's argument on appeal, Hill does not contest the facts surrounding the

violation and the various orders of the circuit court are part of the record and fully support its application.  See Spinner v. Commonwealth, 297 Va. 384, 391 (2019).

## D.  Probation and Suspension Must Be Concurrent

Hill's argument also fails under our existing case law.  Hill relies heavily upon an unpublished decision by this Court, Cilwa v. Commonwealth, Record No. 0481-15-4 (Va. Ct. App. Nov. 29, 2016).  Although some of Cilwa's facts overlap with the case at hand, its holding is not precedent and, in any event, is significantly distinguishable.

We have previously held that, "To be effective, probation *must be* concurrent with a coordinate term of suspension of sentence."  Hartless v. Commonwealth, 29 Va. App. 172, 175 (1999) (emphasis added).  In Hartless, the circuit court sentenced the defendant to serve twelve months in jail with two months suspended "upon the following conditions . . . defendant shall be of good behavior for 1 year from [his] release from confinement."  See id. at 174.  The sentencing order did not state a period of suspension.  See id. at 175.  However, because Hartless's sentence was suspended upon the condition that he would be on good behavior for one year following his release from confinement, his sentence was implicitly suspended for the same length of time—one year.  See id.  This Court held that, "[t]he good behavior requirement sufficiently defined a period of suspension continuing for one year from Hartless's release from confinement."  Id.

Moreover, in Leitao v. Commonwealth, 39 Va. App. 435 (2002), following a probation violation, the circuit court order revoked the defendant's suspended sentence, ordered him to serve one year of the sentence, and placed him on probation for two years upon his release.  See Leitao, 39 Va. App. at 437.  The revocation order did not explicitly re-suspend Leitao's sentence. See id. at 437-38.  Leitao was subsequently found in violation of his probation again, and the circuit court revoked his suspended sentence and ordered him to serve the balance of the time

remaining on his sentence. See id. at 437. Leitao argued that because the circuit court failed to explicitly re-suspend his sentence in the revocation order, there was no suspended sentence left that he could be ordered to serve. See id. at 437-38.

This Court disagreed with his reasoning, stating: "The order only imposed a portion of the remaining sentence. It placed the defendant back on probation upon his release. Probation was meaningless if no sentence remained for the court to impose if the defendant violated the terms imposed." Id. at 438. Because as a practical matter, probation must be concurrent with the period of a suspended sentence, Leitao ultimately held that, in the absence of an explicit recitation re-suspending the balance of the defendant's original sentence, the circuit court's order implicitly re-suspended the balance of time he had not served. See id. "The time not served remained suspended subject to revocation if the defendant violated the terms of probation." Id. at 439.

Here, although the 2018 order did not state a period of suspension, it did explicitly re-suspend all but one year of Hill's time to be served and extended his probation for two additional years. As in Hartless, the circuit court made Hill's suspended sentence contingent on his obedience with the terms and conditions of probation. Because we have previously held that probation must occur alongside a coordinate suspended sentence, in the absence of a specific period of suspension in the 2018 order, Hill's sentence was implicitly suspended for the duration of his probationary period. See id. at 438 (quoting Hartless, 29 Va. App. at 175).

Hill's argument regarding Cilwa conflates the period of a suspended sentence with a period of probation and while the two are related, they are not synonymous. The point of a period of probation is to provide a convicted defendant with a finite opportunity to remedy those factors that contributed to their criminal behavior. See Nuckoles, 12 Va. App. at 1086. If the defendant succeeds in completing the period of probation, he is discharged from further exposure

regarding execution of any previously suspended sentence. The period of suspension is simply a statement of the period of time for which the court has deferred the execution of any suspended portion of a sentence. While many courts inartfully use the terms "probation" and "good behavior" interchangeably, the only real distinction in a defendant's probationary status is whether they will be supervised by a probation officer or not. It is also not uncommon for a period of probation to be split between "supervised" probation and "unsupervised" probation, the latter otherwise known as a period of "good behavior." Nevertheless, the term of any suspended sentence is inferentially *de facto* coextensive with any period of probation because no other inference from the language of Code § 19.2-306(A) makes sense and we do not interpret the law to condone an absurdity. See Eastlack v. Commonwealth, 282 Va. 120, 126 (2011). Indeed, technically, if a defendant satisfactorily completes a period of probation, the effect on any suspended sentence is that it remains *permanently* suspended and can never be executed irrespective of any time period stated by the sentencing court. Contrary to the facts here, Cilwa's alleged violation occurred after her period of probation had ended. In this case, Hill's probation had previously been extended for an additional two years and thus Hill was still on probation at the time of his violation.

Moreover, here, the circuit court also interpreted its 2018 order to resolve any discrepancy, writing, "the [c]ourt finds that the suspension of [d]efendant[']s sentence was for the period of his extended probation, for the [c]ourt would not embark on a path of futility where [d]efendant might violate terms of probation during the extended time of probation with no consequence to said violation . . . ." "[W]hen construing a lower court's order, a reviewing court should give deference to the interpretation adopted by the lower court." Fredericksburg Const. Co., Inc. v. J.W. Wyne Excavating, Inc., 260 Va. 137, 144 (2000) (quoting Rusty's Welding Service, Inc. v. Gibson, 29 Va. App. 119, 129 (1999)). The circuit court's interpretation is

logical and plainly supported by our case law that requires probation to be concurrent with a coordinate term of suspension of sentence.

### III.  CONCLUSION

For these reasons, the circuit court had jurisdiction to revoke Hill's suspended sentence in the 2020 order and we affirm its judgment in that regard.

<u>Affirmed.</u>