PRESENT: Goodwyn, C.J., Powell, Kelsey, McCullough, and Chafin, JJ., and Koontz and Millette, S.JJ.

RICHARD ROOSEVELT HILL

v. Record No. 210569

COMMONWEALTH OF VIRGINIA

OPINION BY
JUSTICE D. ARTHUR KELSEY
AUGUST 11, 2022

FROM THE COURT OF APPEALS OF VIRGINIA

The circuit court found Richard Roosevelt Hill in violation of probation and sentenced him to serve the balance of his previously suspended sentence. On appeal, Hill argues that the court had no jurisdiction to do so because the period of suspension had lapsed before his probation violation. The circuit court and the Court of Appeals disagreed, as do we.

I.

On March 9, 2015, Hill pleaded guilty to one count of attempted unlawful wounding. Under the plea agreement, his sentence would be three years of incarceration with all but six months suspended "for a period of three years from the date of [his] release from incarceration" with "supervised probation during the time when [his] sentence [would be] suspended." J.A. at 4. At the March 9 sentencing hearing, the circuit court accepted the guilty plea and sentenced Hill according to the plea agreement. The court gave Hill credit for time served, and on March 10, 2015, he was transferred directly to federal custody for an unrelated offense. The court entered a written order on March 17, 2015, setting forth its rulings at the March 9 sentencing hearing. Hill remained in federal incarceration until December 4, 2016.

On March 16, 2018, the court held a revocation hearing pursuant to Code § 19.2-306 "at which [Hill] was required to show cause why suspension of the execution of sentence should not be revoked" for a probation violation. J.A. at 27. The court found that Hill had violated the terms of his probation, and on April 18, 2018, the court entered an order stating that "the balance

of the time at the time of this hearing is hereby imposed and ALL BUT ONE (1) YEAR suspended." *Id.* The order went on to state that "[u]pon release from incarceration, the [d]efendant shall be restored to probation" and that "[s]upervised probation is extended for TWO (2) YEARS from the date of the [d]efendant's release from confinement, on the same terms and conditions as contained in this [c]ourt's order dated [for hearing purposes] March 9, 2015." *Id.*

On February 1, 2019, Hill failed to appear for a second probation-violation hearing. The court entered a bench warrant, and Hill was arrested. Hill filed a motion to dismiss the bench warrant because, he argued, the court lacked jurisdiction to revoke any of his suspended time given that the period for which it was suspended had expired. The court denied Hill's motion to dismiss. At a hearing on February 7, 2020, the court found that Hill had again violated the terms of his probation and, in an order dated March 11, 2020, imposed the remainder of Hill's suspended sentence.

The court, which had also presided over Hill's original sentencing, interpreted its April 18, 2018 order as suspending Hill's sentence "for the period of his extended probation, for the [c]ourt would not embark on a path of futility where [d]efendant might violate terms of probation during the extended time of probation with no consequence to said violation." *Id.* at 122. The court also held that it was a clerical error not to extend Hill's suspended sentence for the same period as the extended probation and entered a nunc pro tunc order under Code § 8.01-428(B) to correct it. Hill appealed that decision to the Court of Appeals, which upheld the circuit court's judgment. *See Hill v. Commonwealth*, 73 Va. App. 206, 220 (2021).

II.

In this appeal, Hill argues that his period of suspension had expired before the circuit court revoked it in February 2020. The three-year period of suspension, he contends, began on

2

March 17, 2015, and ended on March 17, 2018.  Hill acknowledges that the period of probation

was extended on April 18, 2018 (imposing a new 2-year period of supervised probation upon

release from incarceration),[1] but asserts that the order did not expressly or impliedly extend the

period of suspension.  We have not directly ruled on the implicit effect, if any, of a probation

extension on an underlying suspended sentence.  The Court of Appeals has addressed similar

arguments with disparate reasoning.[2]  In our view, the better reasoned opinions from the Court of

Appeals support the conclusion that a revocation order that extends a period of probation

necessarily extends the period of sentence suspension.  Because one without the other would be

---

[1] At one point during the circuit court proceedings, Hill suggested that the three-year probation period began on the date of his sentencing order, which was after his release from state, but not federal, confinement.  *See* J.A. at 93-95.  The court interpreted its 2015 sentencing order to begin the probationary period upon release from any state or federal confinement.  *See* J.A. at 94-95.  We defer to the court's interpretation of its own order.  *See Fredericksburg Constr. Co. v. J.W. Wyne Excavating, Inc.*, 260 Va. 137, 144 (2000).

[2] *Compare Silvious v. Commonwealth*, Record No. 1518-16-3, 2017 WL 4363886, at *4 (Va. Ct. App. Oct. 3, 2017) (unpublished) (recognizing that "[e]stablished principles provide that" a revocation order "does not 'implicitly discharge the remaining sentence'" but "implicitly [resuspends] the balance that the defendant ha[s] not served" (citations omitted)), *West v. Commonwealth*, Record No. 0025-14-4, 2015 WL 520774, at *3 (Va. Ct. App. Feb. 10, 2015) (unpublished) ("[W]hen a trial court imposes a new term of probation without expressly re-suspending the balance of the sentence, we do not assume that this act was meaningless.  Instead, we presume that the trial court intended to make the term of probation effective and that it implicitly re-suspended the balance of the previously suspended sentence."), *Jacobs v. Commonwealth*, 61 Va. App. 529, 537-38 (2013) ("[T]he 'only logical interpretation' of the earlier revocation order is that 'the absence of an explicit recitation re-suspending the balance of the original sentence did not implicitly discharge the remaining sentence; it implicitly re-suspended the balance that the defendant had not served.'" (citation omitted)), *and Leitao v. Commonwealth*, 39 Va. App. 435, 438 (2002) ("The absence of an explicit recitation re-suspending the balance of the original sentence did not implicitly discharge the remaining sentence; it implicitly re-suspended the balance that the defendant had not served."), *with Cilwa v. Commonwealth*, Record No. 0481-15-4, 2016 WL 6956812, at *2 (Va. Ct. App. Nov. 29, 2016) (unpublished) ("When the court extended appellant's probation, it did not explicitly or implicitly extend the three-year period for which the sentence was suspended."), *Hartless v. Commonwealth*, 29 Va. App. 172, 175 (1999) ("[T]he duration of [the defendant's] probation cannot extend beyond . . . the specified period of suspension."), *and Carbaugh v. Commonwealth*, 19 Va. App. 119, 126-27 (1994) ("Sentencing judges . . . should clearly state the respective period of suspension and period of probation in the sentencing order.").

3

"vain and useless," 2 John Bouvier, A Law Dictionary 144 (6th ed. 1856) (citing Edward Coke, First Part of the Institutes of the Laws of England: or, a Commentary upon Littleton § 578, at 319 (11th ed. 1719)) — something our common-law tradition abhors — we believe that an express extension of a period of probation implicitly creates a corresponding period of sentence suspension.

We reach this conclusion based upon the reasoning of *Leitao v. Commonwealth*, which held that a revocation order placing a defendant back on probation necessarily had the effect of resuspending the sentence for the newly imposed period of probation. 39 Va. App. 435, 438 (2002). Writing for a unanimous panel, Judge Bumgardner stated: "The absence of an explicit recitation re-suspending the balance of the original sentence did not implicitly discharge the remaining sentence; it implicitly re-suspended the balance that the defendant had not served." *Id*. Probation would be "meaningless," the court reasoned, "if no sentence remained for the court to impose if the defendant violated the terms imposed." *Id*.

*Leitao*'s reasoning is consistent with Code § 19.2-306(A), which states that in any case "in which the court has suspended the execution or imposition of sentence, the court may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court."[3] The disjunctive "or" is the crucial word. As the Court of Appeals pointed out in Hill's case, the power of revocation can be exercised to address misconduct that "occurred within *either* the period of probation or the period of suspension." *Hill*, 73 Va. App. at 216. The statute does not limit the power of revocation to misconduct occurring only during an expressly specified period

---

[3] We note that the General Assembly amended Code § 19.2-306 in 2021 and in 2022. These amendments did not substantively alter subsection (A) or otherwise affect the issues in this case. *See* 2022 Acts chs. 569, 570; 2021 Acts ch. 538, at 1719-20.

of suspension. To the contrary, the statute presupposes that an implied suspension always accompanies an expressly declared period of probation.

To be sure, the opposite conclusion would be both insensible from a practical point of view and discordant with our view that statutes authorizing a "trial court to impose alternatives to incarceration, such as probation or conditionally suspended sentences, are highly remedial and should be liberally construed to provide trial courts valuable tools for rehabilitation of criminals." *Cilwa v. Commonwealth*, 298 Va. 259, 269 (2019) (citation omitted). Because of these reasons, "the power of the courts to revoke suspensions and probation for breach of conditions must not be restricted beyond the statutory limitations." *Grant v. Commonwealth*, 223 Va. 680, 684 (1982). The Court of Appeals in Hill's case, therefore, correctly relied upon *Leitao* in finding that the period of suspension was implicit in the period of probation. *See Hill*, 73 Va. App. at 218-19.

Even so, Hill argues, *Leitao* disregards the maxim that a court speaks through its orders, and the circuit court's revocation order in this case did not say that a suspension period would parallel the probationary period. We see this criticism as overly simplistic. In judicial orders, as in ordinary conversation, meaning can be clearly expressed and just as clearly implied. An order suspending a sentence, for example, implicitly conditions the suspension on the defendant's future good behavior, "whether expressly so stated or not." *Burnham v. Commonwealth*, 298 Va. 109, 115 (2019) (quoting *Marshall v. Commonwealth*, 202 Va. 217, 220 (1960)). Our case law includes many examples of this common-sense manner of interpreting orders entered by our colleagues on the circuit court.[4] The interpretative sequence is straightforward. Whether an idea

---

[4] *See, e.g.*, *Foushee v. Lea*, 8 Va. (4 Call) 279, 286 (1785) ("[I]t would be absurd to suppose, that when [the chancellor] had ordered a new trial for the purposes of justice, he was to

5

is necessarily implied by a word or phrase expressly stated in an order is answered by asking another question: Would the expressly stated idea have no meaning without the implied idea? In the context of the present case, the answer would be yes. Probation without the possibility of consequences for a violation would be a pointless and misleading exercise of judicial power.

Finally, Hill contends that the *Leitao* principle authorizes circuit courts to issue revocation orders that "negate" and "erase" the final sentencing order in criminal cases. *See* Appellant's Br. at 20. We believe this fear overstates the reach of *Leitao*. A revocation order cannot, for example, lengthen or shorten the original sentence. *Leitao*, 39 Va. App. at 438; *see also Robertson v. Superintendent of Wise Corr. Unit*, 248 Va. 232, 236 (1994); *Jacobs v. Commonwealth*, 61 Va. App. 529, 538-40 (2013); *cf. Dunham v. Commonwealth*, 59 Va. App. 634, 639 n.2, *aff'd*, 284 Va. 511 (2012). Rule 1:1 forbids such alterations of an order after 21 days from final judgment except in cases governed by Code § 19.2-303. *See Akers v. Commonwealth*, 298 Va. 448, 452 (2020). "[T]he issue at a revocation proceeding," however, "is not what sentence to impose upon the defendant for his prior criminal conviction," *Alsberry v. Commonwealth*, 39 Va. App. 314, 318 (2002), but rather whether the circuit court should invoke Code § 19.2-306(A)'s authority to "revoke" a suspension for any reasonable cause occurring "within the probationary period, or within the period of suspension fixed by the court."[5]

_____

suffer it to proceed at a place where it could not be obtained."); *Ryman v. Ryman's Ex'rs*, 100 Va. 20, 26 (1901) (holding that the circuit court was not required to order an accounting of a partnership where "the taking of such an account is no longer practicable" because courts are "not require[d] . . . to enter upon an impossible task").

[5] As the Court of Appeals pointed out, the circuit court also focused on the second sentence of Code § 19.2-306(A). *Hill*, 73 Va. App. at 216-17. The right-result-different-reason doctrine, *see Spinner v. Commonwealth*, 297 Va. 384, 391 (2019), renders it unnecessary for us to address the circuit court's reasoning on the intended meaning of the second sentence of the statute.

6

III.

In sum, the Court of Appeals did not err in affirming the circuit court's 2020 revocation order. Hill's misconduct occurred during an expressly stated period of probation that necessarily implied a corresponding period of sentence suspension. The circuit court's order was consistent with, not violative of, the revocation power authorized by Code § 19.2-306(A).

*Affirmed.*