COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, Beales and Lorish
Argued at Richmond, Virginia

SAMUEL MURPHY

MEMORANDUM OPINION[*] BY
v.      Record No. 1211-22-2           JUDGE LISA M. LORISH
                                       DECEMBER 12, 2023

BILLIE A. MURPHY

FROM THE CIRCUIT COURT OF HENRICO COUNTY
John Marshall, Judge

(Jerrell Williams; The Law Office of J. Williams, PLC., on briefs),
for appellant. Appellant submitting on briefs.

Jacqueline W. Critzer (Critzer Cardani PC, on brief), for appellee.


The final decree of divorce for Samuel Murphy (husband) and Billie Murphy (wife)

determined that their former home was marital property worth $405,000. The court ordered wife to

sell the home, remove husband's name from all liens, mortgages, and debts on the home, and

indemnify and hold husband harmless until his name was removed. After accounting for the value

of the mortgage loan, the decree awarded 55% of the remaining marital equity to wife and 45% to

husband, specifying precise dollar amounts that each should receive. When wife later sold the

home, the price exceeded the valuation in the final decree. The parties jointly moved the court to

enter an order that determines the interests of the parties in the excess. The court ordered that, under

the final decree, wife was entitled to all the excess. Husband appeals, arguing that the excess should

be split 50/50 because husband and wife owned the property as tenants in common. Deferring to

the court's interpretation of its own order, we affirm.

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413 (A).

BACKGROUND[1]

Husband and wife married and lived in a single-family residence in Glen Allen (the "marital home"). In April 2021, the Henrico Circuit Court entered a final decree of divorce, which awarded wife a divorce from husband and equitably distributed the parties' assets.

The final decree valued the marital home at $405,000 and determined that the marital equity in the home, less the payment of a marital loan, was $178,251. It also awarded "55% of the remaining $178,251.00 of marital equity" to wife and "45% of the remaining $178,251.00 of marital equity" to husband. The final decree added that, "[t]herefore, the [h]usband is entitled to . . . a total of $72,573.00 from the marital equity" and that wife "is entitled to . . . $105,678.00 from the marital equity."[2] In addition, the final decree ordered wife to "list the [marital home] for sale or sale [sic] the property to pay the [h]usband and remove his name from any and all liens, mortgages, and debts on or secured by the marital home." Finally, it ordered that wife "indemnify and hold [h]usband harmless until [his] name is removed."

Wife sold the marital home for $495,058.36 in August 2021. This sales price exceeded the valuation in the final decree. The parties filed a joint motion for declaratory judgment identifying $57,872.79 as the amount of excess equity from the sale (after expenses were deducted) and asked the court to "enter an order that determines the interests of the parties" in that excess equity.

At a hearing on the joint motion, wife argued that she was entitled to all the excess equity because the final decree set the value of the marital home and ordered her to sell the home and pay husband exactly $72,573. In support of her position, wife argued that, had the marital home sold for

---

[1] "When reviewing a trial court's decision on appeal, we view the evidence in the light most favorable to the prevailing party, granting it the benefit of any reasonable inferences." *Starr v. Starr*, 70 Va. App. 486, 488 (2019) (quoting *Congdon v. Congdon*, 40 Va. App. 255, 258 (2003)).

[2] The final decree also ordered husband to pay wife $3,500 in connection with the parties' lawn care business and $4,140 for her interest in a rental property, and provided that the payments "shall be offset from the [h]usband's share of the [m]arital [h]ome."

less than the value stated in the final decree, she still would have had to pay husband $72,573. In opposition, husband argued that the final decree allocated specific amounts of the equity in the marital home to each party but failed to allocate the excess equity. He also argued that, because the final decree did not allocate the excess equity, "the final decree [did not] control" the distribution of the excess equity and the excess equity should be divided based on the parties' ownership interest in the marital home.

After considering the parties' arguments, the circuit court found that the final decree fully disposed of the marital home. In support of its finding, the circuit court explained that neither party appealed the valuation of the marital home set forth in the final decree and that it could not "go behind the [final decree]" and rule that the marital home was not "disposed of properly." As for the excess equity, the circuit court found that the final decree was "silent as to how any excess or deficiency would be addressed" and that wife, as the party responsible for selling the marital home and paying husband, "could have been faced with a deficit or . . . an excess." The circuit court held that wife was therefore entitled to the excess equity. Husband appeals.

ANALYSIS

This appeal concerns the circuit court's interpretation of the final decree of divorce. "[T]rial courts have the authority to interpret their own orders." *Davis v. Commonwealth*, 70 Va. App. 722, 732 (2019) (alteration in original) (quoting *Fredericksburg Constr. Co. v. J.W. Wyne Excavating, Inc.*, 260 Va. 137, 144 (2000)). "This Court 'defer[s] to the trial court's interpretation of its own order.'" *Id.* (alteration in original) (quoting *Leitao v. Commonwealth*, 39 Va. App. 435, 438 (2002)). "That interpretation, however, must be reasonable," and this Court will review it for an abuse of discretion. *Id.* (quoting *Bajgain v. Bajgain*, 64 Va. App. 439, 453 (2015)).

Husband contends that the circuit court erred by finding that the final decree governed the distribution of the excess equity and that wife was entitled to the entirety of that excess. He also

argues that, because the final decree "is silent as to, and does not govern, the ownership of the excess equity," the parties' ownership interests in the marital home control the distribution of the excess equity. Specifically, husband contends that the parties owned the marital home at the time of the sale as tenants in common and that he is therefore entitled to half of the excess equity.

As an initial matter, we reject husband's argument that the excess should be distributed equally because husband and wife owned the property as tenants in common at the time of the sale, final decree notwithstanding. That argument misunderstands the nature of divorce proceedings. The division of property at divorce is governed by principles of equitable distribution as codified in Code § 20-107.3. *See David v. David*, 287 Va. 231, 237 (2014). "Determining who has legal title . . . has little or no bearing upon how the value of an asset is to be equitably distributed by a monetary award under Code § 20-107.3." *Anderson v. Anderson*, 42 Va. App. 643, 650 (2004) (alteration in original) (quoting *Lightburn v. Lightburn*, 22 Va. App. 612, 616 (1996)). Indeed, "[e]quitable distribution *deviates* from traditional views of property ownership in that whether the property is separate or marital is determined by the statutory definition and is not determined by legal title." *Id.* (emphasis added). Therefore, husband's argument that he should receive half of the excess equity because he had legal title has no merit.

In divorce proceedings, a trial court must follow three steps in making an equitable distribution of property. First, the trial court "must classify the property as either separate or marital. The court then must assign a value to the property based upon evidence presented by both parties. Finally, the court distributes the property to the parties, taking into consideration the factors presented in Code § 20-107.3(E)." *Marion v. Marion*, 11 Va. App. 659, 665 (1991). In the present case, the circuit court classified the home as marital property, assigned a value to that property, and distributed it equitably.

- 4 -

Husband essentially complains that the final decree undervalued the marital home, but neither party appealed the valuation of the marital home included in the final decree. In addition to including a specific valuation, the final decree included specific dollar amounts—not percentages—that husband and wife were entitled to receive from the sale of the marital home. After wife's counsel prepared a draft decree, following a hearing, husband objected to this very aspect of the draft decree. He argued that the circuit court, at the hearing, had not "order[ed] specific dollar amounts to be distributed in the event that the [m]arital [h]ome is sold," so the final decree should use percentages and not specific dollar amounts. Husband argued that if the final decree included specific amounts, he would be entitled to receive the specified $72,573, even if the home sold for less than the anticipated valuation, but that there would be ambiguity about what would happen if the home sold for more than the valuation provided. After receiving, and considering these objections, the court nevertheless entered the final decree specifying specific dollar amounts based on the unobjected-to valuation.[3]

We agree with the circuit court that husband's arguments attempt to "go behind the [final decree]" by recasting the excess equity as a separate marital asset that was not disposed of by the final decree. Although the circuit court acknowledged that the final decree "was silent as to how any excess or deficiency would be addressed," it also found that wife, as the party responsible for selling the marital home, bore the risk that the home would sell for less than the amount set forth by the final decree. Husband conceded as much by arguing below that he was entitled to receive the $72,573 specified in the order even if the house sold for less. After considering the decreed value of the marital home, wife's responsibility to sell the home, and the risk faced by wife if the home sold

---

[3] Not only did husband not object, or put on evidence that the home had a higher valuation, he also did not file a motion to reopen the hearing to take further evidence regarding the value of the marital property. *See, e.g.*, *Cametas v. Cametas*, No. 2597-99-2, 2000 WL 1053893 (Va. Ct. App. Aug. 1, 2000).

for a different value, the circuit court determined that the final decree entitled wife to keep the excess equity. Under these circumstances, we find that the circuit court's interpretation of the final decree was reasonable and affirm its judgment.[4]

As a final matter, wife requests that this Court award her the attorney fees and costs she incurred in defending this appeal because the final decree "equitably distributed the marital home" and husband's appeal "lacks merit." *See O'Loughlin v. O'Loughlin*, 23 Va. App. 690, 695 (1996) ("[T]he appellate court [is] the proper forum to determine the propriety of an award of attorney's fees for efforts expended on appeal."). "This Court has discretion to grant or deny attorney's fees incurred on appeal." *Stark v. Dinarany*, 73 Va. App. 733, 757 (2021). "In making such a determination, the Court considers all the equities of the case." *Id.*; *see* Rule 5A:30(b)(3). After considering the record before us and the equities of the case, we deny wife's request for appellate attorney fees and costs.

---

[4] In an additional assignment of error, husband argues that the circuit court erred by "failing to rule" on his claim for "half of the fair market rent" from the marital home since the entry of the final decree. In a pleading husband filed in response to the joint motion for declaratory relief, he stated "WHEREFORE, Plaintiff requests that the Court enter a declaratory judgment deems 50% of the Disputed Proceeds, plus half of the fair market rent since April 2, 2021 until the sale of the House . . . ." Husband provided no legal argument as to why he was entitled to rent in that, or any other, pleading. Husband did not address this claim at the April 29, 2022 hearing, or present any evidence about what "fair market rent" would have been. After the court's order, he reasserted this claim in his written objections, simply noting that his "claim for rent remains valid and the Court has failed to rule upon that claim." The circuit court entered a written order "overrul[ing] each of Plaintiff's objections." This was plainly a ruling on husband's claim for "half of the fair market rent." Even if husband had assigned error to the *basis* of the court's ruling, and not the *failure* to rule, we could not review the court's reasoning when husband failed to develop the factual record below or make any legal argument to the circuit court to support his claim. *See* Rule 5A:18 (prohibiting appellate review "unless an objection was stated with reasonable certainty at the time of the ruling").

CONCLUSION

For all these reasons, the circuit court's judgment is affirmed.

*Affirmed.*